UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

CIVIL ACTION NO. 06-95-GWU

MELINDA STAMPER
O.B.O. BOBBY D. STAMPER,                                          PLAINTIFF

VS.                         **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                   DEFENDANT

### INTRODUCTION

The plaintiff, by and through his mother, appeals from the negative administrative decision on an application for Child's Supplemental Security Income benefits. The case is before the Court on cross-motions for summary judgment.

### LAW APPLICABLE TO CHILD'S SSI BENEFITS

As of 1996 <u>strict</u> standards for child's SSI claims were adopted. The Welfare Reform Act, P.L. No. 104-193, 110 Stat. 2105, provides that:

> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

Thus, a child's SSI claim can be granted now only if there is a "marked and severe functional limitation(s)." The impairment must meet, medically equal, or functionally equal in severity one of the Listing of Impairments (LOI) found at 20 C.F.R. Part 404,

Subpart P, Appendix 2.  20 C.F.R. Section 416.924.

The implementing regulations require the agency to determine if the child's impairment(s) meet any LOI sections found at 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. Section 416.924.  If this step is not satisfied, the fact finder is required to consider limitation of specific functioning, broad areas of development or functioning, episodic impairments, and limitations related to medication effects to determine "functional equivalence" to the LOI.  Section 416.926a.  Functional equivalence is established if the child has one area of extreme functional limitations (i.e., very serious interference with functioning) or two areas of marked limitation (i.e., serious interference with functioning).  Id.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Bobby Stamper, a 13 year-old seventh grader, suffered from impairments related to allergies, attention deficit disorder, decreased vision, and hearing loss.  (Tr. 320, 326).  Despite the child's impairments, the ALJ determined that he did not meet, medically equal, or functionally equal the requirements of any of the Listing of Impairments sections.  (Tr. 326).  Therefore, the claimant could not be considered totally disabled.  (Tr. 326-327).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of Child's SSI.  Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

Melinda Stamper asserts that that her son meets the requirements of Section 112.05D of the Listing of Impairments. This Listing Section requires that a plaintiff demonstrate "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function." 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 112.05D. Psychologist James Leisenring administered the Wechsler Intelligence Scale for Children-III in March of 2002 which produced a performance IQ score of 69, within Listing range. (Tr. 221). However, the examiner did not appear to have considered this score to be valid; Leisenring did not specifically state that this score was valid and ultimately diagnosed borderline to low average intelligence. (Tr. 221-222). Therefore, these scores are not sufficient to meet the Listing requirements.

Psychologist Christopher Catt administered the Wechsler Intelligence Scale for Children-IV (WISC-IV) in February of 2005. The child produced a "processing speed" score of 65, a Verbal Comprehension score of 79, a perceptual reasoning score of 80, and a full scale score of 71. (Tr. 382). Borderline intelligence was diagnosed. (Tr. 384). The administrative regulations have not been updated to accommodate the revised scoring system for the WISC-1V and, so, it is not immediately clear whether a "processing speed" score in Listing range on this test would meet the Listing. Psychologist Doug McKeown, who testified at the administrative hearing as a medical advisor, indicated that it was hard to compare the original and revised test results and he did not believe that these scores would meet the Listing requirements. (Tr. 437-439). Therefore, the Court finds that the Section 112.05D was not met.

Melinda Stamper also argues that her son at least "functionally equals" the requirements of a Listing and, so, should be considered totally disabled. In order to functionally equal a Listing, a claimant must prove that he has a "marked" limitation in two of six broad areas of functioning known as "domains" or an "extreme" limitation in one domain.[1]  20 C.F.R. Section 416.926a(d). The Six domains are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being.  20 C.F.R. Section 416.926a(b)(1).

Leisenring stated that the young Stamper boy was "significantly" compromised in such areas as communicating, socializing, self-care activities, motor functioning, and most likely in completing tasks. (Tr. 223). This opinion provides strong support for the mother's claim that he functionally equals the Listing. Catt reported in 2005 that the claimant was impaired in such areas as acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for self. (Tr. 387-389). The degree of impairment was not specified, but the examiner noted in the text of his report that The plaintiff's ability to learn was affected by "poor" judgment, and his extremely low processing speed impacted his ability to complete work. Again, this report provides at least some support for the mother's claim.

In determining that the young man did not functionally equal a Listing, the ALJ relied

---

[1] A "marked" limitation is defined as an impairment which "seriously interferes with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. Section 416.926a(e)(2). An "extreme" limitation is defined as an impairment which interferes "very seriously with your ability to independently initiate, sustain or complete activities." 20 C.F.R. Section 416.926a(e)(3).

heavily upon the opinion of McKeown, the non-examining medical advisor. An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). McKeown testified that the boy's condition would not be considered either extreme or marked in any of the six domains. (Tr. 436). However, his testimony provided specific explanation only for the domains of interacting and relating with others and possibly using and acquiring information. (Tr. 434-435). The witness provided no explanation for why the boy's documented slow processing speed would not constitute either a marked or even extreme limitation in the area of attending and completing tasks as well as the limitation in caring for oneself suggested by both examiners. Therefore, the Court finds that this testimony was inadequate to support the administrative decision.[2]

In April of 2002, Psychologists Dennis Penn and Ilze Sillers reviewed the record and opined the Stamper boy would have a "marked" limitation in health and well-being, "less than marked" restrictions in acquiring and using information as well as in attending and completing tasks. (Tr. 227-228). No limitation was reported for the other three domains. Psychologist Joanne Sexton, another non-examining medical reviewer, completed an assessment in August of 2002 in which she identified "less than marked" limitations in the domains of acquiring and using information, attending and completing tasks, and in

---

[2]The Court notes that the Stampers have alleged that the administration violated their due process rights as result of having McKeown testify by telephone from another state, despite not being licensed in the Commonwealth of Kentucky. Since McKeown's testimony did not fully support the administration, the undersigned has no need to reach these issues.

possibly health and physical well-being.³ (Tr. 240-241). These opinions do not suggest that a Listing is functionally equaled. However, these reviewers did not have the opportunity to see and comment upon the full record, particularly the findings of Catt in 2005. Therefore, they cannot be used to support the administrative decision and a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 21st day of March, 2007.

Signed By:

G. Wix Unthank

United States Senior Judge

---

³ She appeared to consider the physical well being domain restriction as between "less than marked" and "marked." (Tr. 241).