UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-95-GWU

| | |
|---|---|
| MELINDA STAMPER<br>O.B.O. BOBBY D. STAMPER, | PLAINTIFF, |
| VS.               **MEMORANDUM OPINION** | |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY, | DEFENDANT. |

## INTRODUCTION

Stamper's counsel has filed a motion for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412, seeking $150.00, or in the alternative, $125.00 an hour for 48.3 hours of work performed at the district court level.[1] The defendant objects to an hourly rate of $150.00, to the sufficiency of itemization in the affidavit, and requests a reduction for certain items he maintains are duplicative.

## APPLICABLE LAW

A court must calculate an award of fees under EAJA "based on prevailing market rates for the kind and quality of the services performed." 28 U.S.C. Section 2412(d)(2). There is a statutory cap of $125.00 per hour for the legal services, but

---

[1] Counsel's memorandum provides a total of 51.1 hours, but adding all of the specific items requested results in an actual total of 48.3 hours.

1

a court is free to award reasonable fees at any hourly rate below the cap. Kerin v. U.S. Postal Service, 218 F.3d 185 (2nd Cir. 2000). Additionally, cost of living and "special factors" may justify increasing the rate above the cap. 28 U.S.C. Section 2412(d)(2). Reasonable fees are those, according to the Supreme Court, "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). The definition of community in this context is rather flexible. According to one district court, a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, as well as take judicial notice of the historical fee reimbursement rate in the district. London v. Halter, 134 F.Supp. 2d 940, 941-942 (E.D. Tenn. 2001). The Sixth Circuit Court of Appeals has also discussed "prevailing market rates" as involving the metropolitan area in which another Social Security appeal was brought. Chipman v. Secretary of Health and Human Services, 781 F.2d 545, 547 (6th Cir. 1986). In addition, the Supreme Court has noted that the existence of the statutory cap (currently $125.00) on EAJA fees suggests that Congress thought this amount sufficient reimbursement for lawyers' fees, even if it should happen that "market rates" for all lawyers in the nation were higher. Pierce v. Underwood, 487 U.S. 552, 572 (1988). The burden is on the plaintiff to provide evidence that the rates he requests are in line with appropriate community rates. Blum, 465 U.S. at 895.

After the Court considers the prevailing market rate issue, it must next consider whether an increase in the fee level above the cap is justified based on cost of living increases. Begley v. Secretary of Health and Human Services, 966 F.2d 196, 200 (6th Cir. 1992). Adjustments for increases in the Consumer Price Index are left to the discretion of the district court; there will be no abuse of discretion in refusing to award a cost of living-related increase, however, even if cost of living has risen since the EAJA hourly rate levels were set by statute. Id.

In its discretion, a court may also determine to issue an award of fees exceeding the statutory cap if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate. 28 U.S.C. Section 2412(d)(2)(A). However, this term has been fairly narrowly interpreted by the Supreme Court. Pierce v. Underwood, 487 U.S. at 552 (referencing an example of patent attorneys and stating that special factors cannot be applicable to a broad spectrum of litigation). Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement. Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990).

## DISCUSSION

Initially, the court finds the defendant's objection to the requested hourly rate of $150.00 to be well-taken. Counsel for the plaintiff has failed to show that the

06-95  Stamper for Stamper

prevailing market rate in the London Division is greater than $125.00 an hour, as described in the Applicable Law section of this opinion.

The defendant objects that it was improper to bill a total of .9 hours to "receive and review" the Commissioner's answer, the court's standard briefing order, and an order granting counsel's motion for an extension of time in which to file his motion for summary judgment.  It is difficult to see how receipt and review of these very routine documents could consume almost one hour, and the court, giving counsel the benefit of the doubt, will allow .5 hours for these three items.

Under the same heading, the Commissioner questions why 1.5 hours were required on March 14, 2007 to receive and review an electronic notice of clerical error, to which counsel responds that this was the actual time he expended in obtaining a clarification.  The docket sheet for this case indicates that on March 17, 2007, the deputy clerk entered a "notice of clerical error" regarding her failure to include attachments to the plaintiff's memorandum when it was docketed on August 9, 2006.  Docket Entry No. 14.  The complete attachments were then entered.  Id. It is understandable that counsel would be concerned and would need to ascertain that all of the attachments he had submitted were properly entered; moreover, as counsel points out, the error was not of his own making.  Based upon counsel's assurances in his Reply Brief that this amount of time was actually expended, the court will not reduce the 1.5 hours requested, even though the initial description as only "receipt and review of electronic notice of clerical error" is somewhat vague.

06-95 Stamper for Stamper

Next, the Commissioner objects to the lumping together of services and travel time in order to prepare and file the Complaint in February, 2006, the Motion for Summary Judgment and Supporting Memorandum in July, 2006, the Reply Memorandum in August, 2006, and the EAJA petition in April, 2007, for a total of 23.6 hours. The Commissioner objects that it was inappropriate to charge attorney's rates for purely clerical activities such as receiving and filing, and that lumping these activities with other services makes it impossible to determine how much of counsel's time was "improperly claimed for receiving and filing these various documents." The court has previously found that filing by certified mail, rather than incurring travel costs, is acceptable except for matters subject to statutory limitation, such as the filing of the complaint and the EAJA petition. King v. Barnhart, Pikeville Civil Action No. 01-266 (January 24, 2003). Since a motion for summary judgment and reply memorandum are not customarily time-barred for late filing by the undersigned, travel expenses were not necessary in these instances, and 2 hours will be deducted from the amount claimed as a result. As for the remaining 21.6 hours, given the lack of specificity regarding the amount of time actually spent drafting the documents as opposed to filing them, the court will deduct .5 hours from each of the four items, leaving 19.6 compensable hours.

Finally, the Commissioner contends that the plaintiff's counsel filed a substantially similar brief on his client's behalf in the prior civil action, Stamper v. Commissioner of Social Security, Lexington Civil Action No. 03-468-JBC, which

5

06-95  Stamper for Stamper

resulted in a Sentence Four remand and an award of $2,712.50 in EAJA fees. The Commissioner questions the propriety of charging 27.8 hours in reviewing the transcript and preparing counsel's present brief, when much of it is the same work product for which he had previously received EAJA fees. However, 8 hours of this total was for review of the transcript, which is not unreasonable given the lapse of time since the prior action and the substantial amount of new evidence which had been submitted. The remaining 19.8 hours for preparation of the motion for summary judgment is slightly excessive in view of the re-use of some of the summary of facts and procedural background from the prior brief, but in view of the additional evidence and significantly changed argument, 16 hours will be allowed.

Of the 48.3 hours itemized, the court finds a reduction of 8.2 hours to be appropriate. Accordingly, an order will be entered granting compensation for 40.1 hours of work at a rate of $125.00 per hour, for a total of $5,012.50.

This the 31st day of August, 2007.



**Signed By:**

<u>**G. Wix Unthank**</u>

**United States Senior Judge**